IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CENTER FOR BIOLOGICAL DIVERSITY,
  et al.,

       Plaintiffs,

   v.

UNITED STATES INTERNATIONAL
DEVELOPMENT FINANCE
CORPORATION,

       Defendant.

Civil Action No. 1:21-cv-1491-CRC

## DECLARATION OF DOUG NORLEN

I, Doug Norlen, declare as follows:

1.    The facts set forth in this declaration are based upon my personal knowledge. If called as a witness, I could and would testify to these facts. As to those matters that reflect an opinion, they reflect my personal opinion and judgment on the matter.

2.    I am submitting this declaration on behalf of myself and Friends of the Earth United States (FOE). I am currently a member of FOE. I have also been a staff member of FOE since 2014 and am Director of FoE's Economic Policy Program. In this role, I specifically oversee work on issues under the jurisdiction of the U.S. International Development Finance Corporation (DFC) and its predecessor, the Overseas Private Investment Corporation (OPIC). I also worked on issues under the jurisdiction of OPIC at my previous employer, Pacific Environment, between

1

1996 and 2014.  Pacific Environment is a 501(c)(3) non-profit, membership-based organization with an office located in San Francisco, California.

3.      FOE is a 501(c)(3) non-profit, membership-based organization with offices located in California and Washington, DC.  FOE currently has over 2.8 million members and activists, located across all 50 states and the District of Columbia.  FOE is also a member of Friends of the Earth-International, which is a network of grassroots groups in 74 countries worldwide. FOE's primary mission is to defend the environment and champion a more healthy and just world by collectively ensuring environmental and social justice, human dignity, and respect for human rights and peoples' rights.

4.      FOE began its Overseas Private Investment Corporation (OPIC) work in the mid-1990s when FOE successfully expanded the environmental and social policy frameworks for the U.S. development finance agency. In 2002, we filed a precedent-setting climate lawsuit against OPIC and the U.S. Export-Import Bank (EXIM) that resulted in the first-ever climate policies at these agencies. We have played a key influential role in progressive improvement in these policies ever since. More recently, we played a pivotal role in ensuring that the climate, environmental, and social protections and transparency and accountability policies that we fought for decades to attain at OPIC were carried over to the newly established U.S. International Development Finance Corporation (DFC), which absorbed OPIC and more than doubled the financing capacity. For example, we successfully pushed for OPIC's cap and reduction schedule for its portfolio of greenhouse gas emissions transferred over to DFC.

5.      During the eighteen years I worked at Pacific Environment and seven years at FoE on issues under the jurisdiction of OPIC and DFC, I have researched, monitored, assembled public input, generated media coverage, mobilized members and supporters, and conducted advocacy

on these agencies' environmentally and socially harmful financed projects in the oil and gas, coal, mining, and forestry projects in Asia, Eurasia, Central Asia, Eastern Europe, South America and Africa.  In doing so, I have relied on Sunshine Act required public notification of the agency's board meetings and votes in order to submit timely public comments and to provide other input to the board before the board makes decisions.  As a federal agency, the applicability of the Sunshine Act to DFC ensures that FoE and other public interest organizations can contribute our expertise and the views of our members to inform the board of directors in a timely manner about the potential harm of their pending decisions to the environment and communities and financial, political and reputational risk these decisions pose to the U.S. Government.  The absence of Sunshine Act application to DFC means agency board decisions that potentially cause these harms and risks occurs in the dark, without this beneficial public input.  As a result, FoE and other public interest organizations, and the public at large are harmed when the Sunshine Act is violated by DFC because it prevents us from providing the agency's board of directors with input that can help prevent or mitigate the harms and risks posed by their actions.

6.	On April 13, 2020, without any prior public notice or comment opportunity, DFC announced in the federal register the final decision to exempt itself from the open meeting requirements of the Sunshine Act.  In this announcement, DFC claimed that the Sunshine Act no longer applied to DFC because DFC was substantially different from OPIC and was not considered an agency.

7.	On September 9, 2020, DFC had a board meeting that was closed to the public and was not noticed in the Federal Register because they had since claimed that the Sunshine Act did not apply to them. It was only listed on their website ten days or less before the board meeting. Since

it was not in the Federal Register and not listed for a sufficient period on DFC's website, I did not find out about the board meeting until the day of. At this board meeting, the board voted on the Rovuma LNG project – a liquefied natural gas development and export project in northern Mozambique. FoE has worked closely with Friends of the Earth Mozambique/Justica Ambiental on this project since 2015 and a staff member of my program has visited impacted communities, and written comments and reports analyzing the environmental and social impact assessment and other findings. Without this notification and ability to comment, DFC approved up to $1.5 billion in political risk insurance for the project despite the increasing violence, negative impacts on local communities, and massive greenhouse gas emissions.

8.     For all the reasons so stated, I am personally harmed and Friends of the Earth is harmed by the lack and deprivation of information created by the DFC's decision to exempt itself from the Sunshine Act and by the DFC's failure to follow the Sunshine Act.

I declare under penalty of perjury that the foregoing is true and correct.

*Doug Norlen*

_____

Doug Norlen

Friends of the Earth

Dated:  May 26, 2021

DOUG NORLEN DFC SUNSHINE ACT DECLARATION