

**U.S. Department of Justice**

Office of Legal Counsel

---

Office of the Deputy Assistant Attorney General         *Washington, D.C. 20530*

February 25, 2020

Kevin L. Turner
Vice President and General Counsel
United States International Development Finance Corporation
1100 New York Avenue, N.W.
Washington, DC 20527

Dear Mr. Turner:

      You have asked whether the United States International Development Finance Corporation ("DFC") is an "agency" subject to the open-meeting requirements of the Government in the Sunshine Act, 5 U.S.C. § 552b ("Sunshine Act" or "Act").[1]  In 2013, we concluded that a similarly structured government corporation did not meet the definition of "agency" under the Sunshine Act. *See Whether the Millennium Challenge Corporation Should Be Considered an "Agency" for Purposes of the Open Meeting Requirements of the Sunshine Act*, 37 Op. O.L.C. __ (May 3, 2013) ("MCC Opinion"). We agree with you that the same conclusion applies to DFC.

      The Sunshine Act's open-meeting provisions require that "every portion of every meeting of an agency shall be open to public observation," 5 U.S.C. § 552b(b), subject to ten exceptions, *id.* § 552b(c). This "openness requirement" is not "triggered unless the governmental entity at issue is an 'agency'" within the meaning of the Act. *Nat. Res. Def. Council, Inc. v. Nuclear Regulatory Comm'n*, 216 F.3d 1180, 1182 (D.C. Cir. 2000). The Act defines "agency" to mean "any agency, as defined in [5 U.S.C. § 552(f)], headed by a collegial body composed of two or more individual members, a majority of whom are appointed to such position by the President with the advice and consent of the Senate." 5 U.S.C. § 552b(a)(1).

      Congress established DFC in 2018 as the successor to the Overseas Private Investment Corporation ("OPIC") and elements of the United States Agency for International Development. Congress charged DFC with "mobiliz[ing] and facilitat[ing] the participation of private sector capital and skills in the economic development of less developed countries . . . and countries in transition from nonmarket to market economies." Better Utilization of Investments Leading to Development ("BUILD") Act of 2018, Pub. L. No. 115-254, div. F, § 1412(b), 132 Stat. 3186, 3485, 3486 (codified at 22 U.S.C. § 9612(b)). DFC is headed by a nine-member board of directors, 22 U.S.C. § 9613(b), and is managed by a Chief Executive Officer who reports to the board, *id.* § 9613(d). Four of the directors are appointed directly by the President with the advice

---

[1] *See* Letter for Steven A. Engel, Assistant Attorney General, Office of Legal Counsel, from Kevin L. Turner, Vice President and General Counsel, United States International Development Finance Corporation, *Re: Request for Formal Opinion—Applicability of Sunshine Act to the United States International Development Finance Corporation* (Feb. 4, 2020).

and consent of the Senate. *Id.* § 9613(b)(2)(A)(iii). The remaining directors are the Chief Executive Officer of DFC, the Secretary of State, the Administrator of the United States Agency for International Development, the Secretary of the Treasury, and the Secretary of Commerce. *Id.* § 9613(b)(2)(A)(i)–(ii), (B)(i).

In 2013, this Office advised that the Millennium Challenge Corporation ("MCC"), a government corporation established "to provide United States assistance for global development," *id.* § 7701(1), falls outside the scope of the Sunshine Act's definition of "agency." MCC Opinion, 37 Op. O.L.C. __, at *4. Although all nine members of MCC's board of directors are Senate-confirmed presidential appointees, five of the nine serve on the board ex officio—that is, they serve on MCC's board only by virtue of their appointments to other offices (e.g., Secretary of State, Secretary of the Treasury). *See id.* at *1–2; 22 U.S.C. § 7703(c)(3). The Sunshine Act's definition of "agency" is not satisfied unless a majority of the board members "are appointed *to such position* by the President with the advice and consent of the Senate." 5 U.S.C. § 552b(a)(1) (emphasis added). An ex officio board member is not "appointed to such position," but rather holds it by virtue of appointment to a different office. As a result, only a minority of MCC's board members "are appointed to such position by the President with the advice and consent of the Senate." We therefore concluded that MCC does not qualify as an "agency" under the Sunshine Act. *See* MCC Opinion, 37 Op. O.L.C. __, at *4.

The 2013 opinion's key premise—that ex officio members do not count toward the "majority" required by the Sunshine Act's definition of "agency"—did not break new ground. As noted in the opinion, this Office has adhered to that interpretation since the enactment of the Act in 1976. *See* MCC Opinion, 37 Op. O.L.C. __, at *1–2 & n.4 (citing letter opinions issued in 1976 and 1977). And the D.C. Circuit adopted the same view in *Symons v. Chrysler Corp. Loan Guarantee Board*, 670 F.2d 238 (D.C. Cir. 1981). *See* MCC Opinion, 37 Op. O.L.C. __, at *2–3. There, the court held that a board composed entirely of ex officio members was not an "agency" and pointed out that a contrary interpretation would render superfluous the requirement that the majority be "appointed to such position" in the statute. 670 F.2d at 241–42; *see also id.* at 242 ("Such a construction of a statute . . . would violate a fundamental rule of statutory interpretation—that in construing statutes courts should give effect, if possible, to every word used by Congress." (citing *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979))).

We apply the same reasoning to conclude that DFC is not an "agency" under the Sunshine Act. As a government corporation established in the Executive Branch, *see* 22 U.S.C. § 9612(a), DFC meets the definition of "agency" under 5 U.S.C. § 552(f) (defining the term to include any "Government corporation . . . in the executive branch"). DFC is also "headed by a collegial body," namely a board of directors in which "[a]ll powers of the Corporation" are ultimately vested. 22 U.S.C. § 9613(b)(1). But DFC's board does not satisfy the third requirement to be an "agency" under the Sunshine Act because a majority of its members are not "appointed to such position by the President with the advice and consent of the Senate." As with MCC, only four of DFC's nine directors are appointed directly to such positions by the President following Senate confirmation. *Compare* 22 U.S.C. § 7703(c)(3) (MCC), *with id.* § 9613(b)(2) (DFC). Of the remaining five directors, four are Senate-confirmed appointees to separate offices

in other agencies. *Id.* § 9613(b)(2)(A)(i)–(ii), (B)(i).[2] But because they serve on DFC's board ex officio rather than being "appointed" directly to it, they do not count toward the majority required by the Sunshine Act's definition of "agency." *See* MCC Opinion, 37 Op. O.L.C. __, at *2. The fifth director, DFC's Chief Executive Officer, is also "properly regarded as one of these ex officio members, because by statute the CEO is appointed to a separate office and serves on the Board by virtue of that separate office." *Id.* at *4; *see* 22 U.S.C. § 9613(d)(1).

We recognize that designees may serve in place of four of the five ex officio members—all but the Chief Executive Officer. *See* 22 U.S.C. § 9613(b)(2)(B)(i)–(ii). It is unlikely that the designation of a substitute would be an "appoint[ment] to such position" on the board, and in any event, it would clearly not be an appointment "by the President with the advice and consent of the Senate." DFC's organic statute requires that such designees "be selected from among officers" who have been "appointed by the President" to some other position "by and with the advice and consent of the Senate"; but it does not contemplate that this appointment process will be repeated for designations to DFC's board. *Id.* § 9613(b)(2)(B)(ii)(I). So even if designees filled any or all of these four board seats, they would not count toward the "majority" of members that the Sunshine Act requires to be "appointed to such position by the President with the advice and consent of the Senate" under the reasoning of *Symons* and our MCC Opinion. As a result, DFC would still not satisfy the Act's definition of "agency."

In connection with the transfer of OPIC's functions, DFC adopted OPIC's administrative regulations, including regulations implementing the open-meeting requirements of the Sunshine Act. *See* 84 Fed. Reg. 37,751, 37,752 (Aug. 2, 2019) (codified at 22 C.F.R. pt. 708). Generally speaking, an agency is obliged to comply with otherwise valid regulations even if they impose obligations that the agency was not required to assume in the first instance. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267–68 (1954). Because DFC is not an "agency" under the Sunshine Act, it is not legally obliged to maintain its inherited Sunshine Act regulations.[3] Should DFC wish to revoke those regulations, it must do so in a manner consistent with the Administrative Procedure Act, *see* 5 U.S.C. § 553, which we do not address here.

In sum, only a minority of DFC's nine directors are "appointed to such position by the President with the advice and consent of the Senate." 5 U.S.C. § 552b(a)(1). DFC therefore does not qualify as an "agency" subject to the open-meeting requirements of the Sunshine Act.

Please let us know if we may be of further assistance.

Liam P. Hardy
Deputy Assistant Attorney General

---

[2] *See* 22 U.S.C. § 2651a(a)(2) (Secretary of State); *id.* § 2384(a) (Administrator of the United States Agency for International Development); 31 U.S.C. § 301(b) (Secretary of the Treasury); 15 U.S.C. § 1501 (Secretary of Commerce).

[3] Although it is not subject to the Sunshine Act, we note that DFC's authorizing statute does require it to "hold at least 2 public hearings each year in order to afford an opportunity for any person to present views with respect to" DFC's activities. 22 U.S.C. § 9613(c).