IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>UNITED STATES INTERNATIONAL DEVELOPMENT FINANCE CORPORATION,<br><br>  Defendant. | Civil Action No. 1:21-cv-1491-CRC |

**SUPPLEMENTARY DECLARATION OF KATE DEANGELIS**

I, Kate DeAngelis, declare as follows:

1. The facts set forth in this declaration are based upon my personal knowledge. If called as a witness, I could and would testify to these facts.

2. I am submitting this second declaration on behalf of myself, and Friends of the Earth United States (FOE). I am currently a member of FOE. I have also been a staff member of FOE since 2014 and am the organization's International Finance Program Manager. In this role, I specifically work on issues under the jurisdiction of the U.S. International Development Finance Corporation (DFC) and its predecessor, the Overseas Private Investment Corporation (OPIC). I have focused on these issues since 2015.

3. My initial declaration was filed in conjunction with Plaintiffs' Opposition to Defendants' Motion to Dismiss.

1

4. In order to effectively do my job, I need public notice of upcoming DFC meetings and open access to those meetings and deliberations. The Sunshine Act mandates proper notice and access to DFC board meetings and materials as I experienced – and greatly relied on – at OPIC.

5. At the most recent DFC Board meeting on December 8, 2021, I, along with other Plaintiffs' representatives, attended the public portion of the Board meeting held via Webex.

6.  The public meeting itself was very short, and consisted of opening statements by agency officials, and then statements from members of the interested public, including Plaintiffs.  There was no dialogue, no question-and-answer period, and no discussion about any project between the public and agency officials.

7.  No minutes or transcript of the December 8, 2021 Board meeting have been made public as the Sunshine Act would require.  5 USC Sec. 552b(f)(2).  After the September 9, 2021 DFC Board meeting, an extremely brief and conclusory "summary" was published:

https://www.dfc.gov/sites/default/files/media/documents/Board%20Meeting%20Summary_September%202021.pdf

8. In addition, it appears decisions were made at the private DFC Board meeting on December 8 that were not contained in the public notice and agenda of the DFC Board meeting.  Of concern are two climate harmful projects announced by the DFC *after* the Board meeting:

**i) Boosting transportation and entrepreneurship in India:** An up to $250 million loan to Shriram Transport Finance Company (STFC) will fund the expansion of STFC's commercial (fossil fuel) vehicle finance program for micro, small and medium enterprises (MSMEs) in India.

**ii) Doubling down on support for energy access in Sierra Leone:** $50 million in political risk insurance for CEC Africa (Sierra Leone) Limited to support the development, construction, and operation of an approximately 83.5 megawatt (fossil fuel) power plant in Sierra Leone, a country with one of the lowest electricity access rates in the world. Political risk insurance builds upon DFC's $217 million loan committed in July 2021.

https://www.dfc.gov/media/press-releases/dfc-approves-21-new-investments-mobilizing-more-11-billion-tackle-development

Both these projects are of huge concern to FOE and the other Plaintiffs.  We have had no ability to discuss or influence these two decisions with the DFC or its Board.

9.  Neither of these two projects, *supra*, were noticed by DFC before the Board meeting, as the Sunshine Act would require:

https://www.dfc.gov/sites/default/files/media/documents/Board%20Meeting%20Notification_December%202021.pdf

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Signed: _____*Kate DeAngelis*_____

    Kate DeAngelis

Dated:  12/14/21